**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **ED CV 26-474-JFW(E)** | Date:  February 9, 2026 |

Title:     Kuldeep Singh -v- Ernesto Santacruz, Jr., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                              None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PETITIONER KULDEEP SINGH'S PETITION FOR TEMPORARY RESTRAINING ORDER [filed 2/3/2026 Docket No. 2]**

On February 3, 2026, Petitioner Kuldeep Singh ("Petitioner") filed a Petition for Temporary Restraining Order ("Petition").  On February 9, 2026, the Respondents filed a Response.  The Court finds that no additional briefing is necessary and finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 23, 2026 is hereby vacated and the matter taken off calendar. After considering the moving and responding papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In his Petition, Petitioner claims that he did not receive a constitutionally adequate and proper individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), and seeks: (1) a temporary restraining order directing Respondents to release Petitioner from custody or to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (2) an order to show cause as to why a preliminary injunction should not issue.[1]  In its Response, the Federal Respondents state in relevant part:

> Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). . . . Respondents acknowledge that Petitioner's

---

[1]Because Respondents had notice and an opportunity to respond and Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Application as a motion for preliminary injunction.

claim in this action appears to be subject to the *Bautista* judgment and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days, where Petitioner has the burden of proof to show they are not a danger or flight risk.

## II.  LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

## III.  CONCLUSION

In light of the Government's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, Petitioner's Petition for a temporary restraining order and preliminary injunction is **GRANTED**. The Court **ORDERS** that: Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation

omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003). In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  In addition, a bond would pose a hardship on Petitioner.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

    IT IS SO ORDERED.

Initials of Deputy Clerk  sr